# IN THE UNITED STATES DISTRICT COURT
# FOR THE DISTRICT OF MONTANA
# GREAT FALLS DIVISION

| ALEXANDRE DAVIS, | **CV 24-3-GF-BMM-JTJ** |
|---|---|
| Plaintiff, | |
| vs. | **ORDER** |
| JESSE SLAUGHTER, CORY REEVES, LT. GRUBB, OFFICER KNOX, OFFICER FRASER, and CAPTAIN DARBY, | |
| Defendants. | |

Plaintiff Alexandre Davis has filed a Complaint alleging violations of his constitutional rights. (Doc. 2.) Defendants have just answered. (Doc. 20.) There are seven pending motions. (Docs. 3, 8, 9, 12, 13, 17, and 23.) All will be denied.

## I.  Motion for the Appointment of Counsel

Davis seeks the assistance of counsel because his imprisonment will hinder his ability to litigate, the issues are complex, he has limited access to legal materials, and counsel would assist him at trial. (Doc. 3.) Noone, including incarcerated prisoners proceeding in forma pauperis, has a constitutional right to be represented by appointed counsel when they choose to bring a civil lawsuit under 42 U.S.C. § 1983.  *Rand v. Rowland*, 113 F.3d 1520, 1525 (9th Cir. 1997), *withdrawn on other grounds*, 154 F.3d 952, 962 (9th Cir. 1998).  Unlike criminal

1

cases, the statute that applies does not give a court the power to simply appoint an attorney. 28 U.S.C. § 1915 only allows the Court to "request" counsel to represent a litigant who is proceeding in forma pauperis. 28 U.S.C. § 1915(e)(1). A court cannot order a lawyer to represent a plaintiff in a § 1983 lawsuit; a court can merely request a lawyer to do so. *Mallard v. United States Dist. Court*, 490 U.S. 296, 310 (1989). Further, a court may only request counsel for an indigent plaintiff under "exceptional circumstances." 28 U.S.C. § 1915(e)(1); *Terrell v. Brewer*, 935 F.2d 1015, 1017 (9th Cir. 1991).

> A finding of exceptional circumstances requires an evaluation of both the likelihood of success on the merits and the ability of the petitioner to articulate his claims pro se in light of the complexity of the legal issues involved. Neither of these factors is dispositive and both must be viewed together before reaching a decision.

*Terrell*, 935 F.2d at 1017 (citing *Wilborn v. Escalderon*, 789 F.2d 1328, 1331 (9th Cir. 1986) (citations omitted).

At this point, Davis has not made a showing of exceptional circumstances that would warrant the Court requesting counsel on his behalf. *Rand*, 113 F.3d at 1525. Davis has not demonstrated a likelihood of success on the merits, and he has articulated his claims effectively enough to this point. The challenges Davis faces are inherent in a pro se litigant bringing a lawsuit. The Court does not see a sufficient basis to appoint counsel. The motion will be denied, subject to renewal should circumstances change.

2

The Court will place Davis's case on the list, however, of pro se litigants who have requested the appointment of counsel. The list is available on the District of Montana website for attorneys who are admitted to this Court and may wish to provide pro bono representation. If Davis does not want to have his case posted on the list, he must notify the Court within 14 days of this order.

**II.  Motion to Have Plaintiff's Name Kept Confidential**

Davis seeks to proceed under a pseudonym or under his initials, due to the sensitive nature of his case. (Doc. 8.) "[W]e recognize the paramount importance of open courts. For this reason, the default presumption is that the Plaintiffs will use their true names." *Kamehameha*, *Doe v. Kamehameha Sch./Bernice Pauahi Bishop Est.*, 596 F.3d 1036, 1046 (9th Cir. 2010). When pseudonyms are sought to shield the plaintiff from retaliation, the Ninth Circuit directs the district court to determine the need for anonymity by evaluating the following factors: "(1) the severity of the threatened harm; (2) the reasonableness of the anonymous party's fears; and (3) the anonymous party's vulnerability to such retaliation. *Does I thru XXIII v. Advanced Textile Corp.*, 214 F.3d 1058, 1068 (9th Cir. 2000) (internal citations omitted)). "Severity of the threatened harm and the reasonableness of the plaintiffs' fears…are intricately related and should be addressed together. In order to proceed anonymously, a plaintiff must show both (1) a fear of severe harm, *and* (2) that the fear of severe harm is reasonable." *Kamehameha*, 596 F.3d, at 1043.

"First, the district court must identify the harm that the plaintiffs fear." *Kamehameha*, 596 F.3d, at 1043. Davis fears further assaults as he serves his federal sentence. Certainly, the Ninth Circuit has "recognized that physical harm presents the paradigmatic case for allowing anonymity." *Kamehameha*, 596 F.3d at 1043 (9th Cir. 2010). "What is relevant is [whether] plaintiffs were threatened, and [whether] a reasonable person would believe that the threat might actually be carried out." *Id.*, at 1044.

Davis's concern that someone might look his name up in Lexis in the federal prison and subject him to further assault proves speculative at this point. (Doc. 8.) Fear of severe harm is irrelevant if the plaintiffs do not *reasonably* fear severe harm. *Kamehameha*, 596 F.3d at 1044. The Court cannot weigh Davis's concern without any specific facts to assess its reasonableness. In such a vacuum, the default is to proceed under his own name. The motion will be denied without prejudice.

### III.  Motion to Compel

Davis filed a motion to obtain various evidence from Defendants. (Doc. 9.) Davis asserts that he has sought various discovery without success. (Doc. 9-1.) Davis's motion was filed before Defendants were required to appear. Davis's request for court intervention is premature. L.R. 26.1(d) forbids discovery until a Scheduling Order is in place. The motion will be denied, subject to renewal.

### IV.  Motion for Summary Judgment

Davis moved for summary judgment on January 22, 2024. (Doc. 12.) Defendants had not yet appeared. Davis's motion is not accompanied by a statement of undisputed facts, as required by D. Mont. L.R. 56.1. Davis's motion is not supported by any evidence in the form of documents, depositions, discovery responses, etc., that would provide the Court factual grounds upon which to grant his motion. It will be denied, subject to renewal.

### V.  Motion for Discovery

Davis filed a document entitled "Discovery Motion" that appears to be his first set of requests to Defendants. (Doc. 13.) Davis's motion is premature, according to L.R. 26.1, and thus will be denied.  In addition, Davis's discovery requests are not to be filed with the Court. Davis instead must serve the discovery requests on Defendants after the Scheduling Order has been issued. L.R. 26.2. To the extent Davis seeks any action from the Court regarding these requests, his motion will be denied without prejudice.

### VI.  Motion for Preliminary Injunction

Davis filed a "Motion for Court Intervention," which the Court construes as a motion for preliminary injunction. (Doc. 17.) Davis asserts that Defendants VanDyken and Grubb retaliated against him for filing this lawsuit by segregating

him, denying him access to legal and mental healthcare resources, and subjecting him to verbal abuse. *Id.*

Defendants respond that the motion is moot. (Doc. 19 at 3.) Davis is not entitled to a preliminary injunction because he is no longer in Cascade County Detention Center ("CCDC") and is unlikely to return there. (Doc. 19.) Davis was held at Cascade County as a federal pretrial detainee, but he has now been sentenced on his federal conviction and has moved on from CCDC.

A preliminary injunction "should not be granted unless the movant, *by a clear showing,* carries the burden of persuasion." *Lopez* v. *Brewer,* 680 F.3d 1068, 1072 (9th Cir. 2012) (citations omitted, emphasis in original). Davis has not made this showing. Davis is no longer subject to any of the restrictions he contests, and thus, an injunction is inappropriate. *See Rhodes v. Robinson,* 408 F.3d 559, 566 n. 8 (9th Cir.2005) (prayers for injunctive relief are mooted by a prisoner's release or transfer to another facility). The motion will be denied.

### VII.  Motion for Issuance of Subpoenas

Davis moved for the issuance of subpoenas on nine different parties. (Doc. 23.) One, the medical department at CCDC, is a party to this action, and therefore, a subpoena is not the correct mechanism to obtain those documents. An ordinary discovery request should do. In any event, the motion is premature. It will be

denied, subject to renewal in accordance with the Court's forthcoming Scheduling Order.

### VII. Conclusion

Defendants have just recently answered. (Doc. 20.) The Court will issue a Scheduling Order by separate document. Davis must comply with the directives included there about discovery requests, motions, and timing. In addition, the Court notes that Davis has filed various documents that he contends are evidence, or that supplement or amend his Complaint. (Docs. 11, 16, 18, and 25.) The Court will not amend Davis's Complaint for him. If Davis wishes to amend, he must do so in accordance with Fed. R. Civ. P. 15.

Based upon the foregoing, the Court issues the following:

### ORDER

1. Davis's motion for the appointment of counsel is DENIED, subject to renewal. (Doc. 3.) The pro bono coordinator is directed to put Davis's case on the Court's list of pro bono opportunities, unless he advises the Court within fourteen days of the making of this Order that he does not wish to be put on the list.

2. Plaintiff's motion to proceed by pseudonym is DENIED. (Doc. 8.)

3. Plaintiff's motion to compel is DENIED, subject to renewal. (Doc. 9.)

4. Plaintiff's Motion for Summary Judgment is DENIED. (Doc. 12.)

5. Plaintiff's Motion for Discovery is DENIED. (Doc. 13.)

6. Plaintiff's motion for an injunction is DENIED. (Doc. 17.)

7. Plaintiff's motion for issuance of subpoenas is DENIED. (Doc. 23.)

8. At all times, Davis must update the Court and opposing counsel of any change of address. Failure to do so may result in dismissal.

**DATED** this 11th day of March, 2024.

_____
Brian Morris, Chief District Judge
United States District Court