IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF MONTANA
GREAT FALLS DIVISION

| | |
|---|---|
| ALEXANDRE DAVIS,<br><br>Plaintiff,<br><br>vs.<br><br>JESSE SLAUGHTER, et al.,<br><br>Defendants. | CV 24-3-GF-JTJ<br><br><br><br>ORDER |

Plaintiff Alexandre Davis filed a Complaint alleging violations of his constitutional rights. (Doc. 2.) Defendants answered. (Doc. 20.) The Court issued its Scheduling Order on March 12, 2024. (Doc. 27.) Davis has now filed a motion for reconsideration (Doc. 32), a Motion for Summary Judgment (Doc. 36), and a Motion to Compel (Doc. 37). All motions will be denied, subject to renewal as appropriate.

**I. MOTION FOR RECONSIDERATION**

Davis filed a "Motion for Renewal of Motions and for Copies," which the Court construes as a motion for reconsideration of the Court's Order denying several of his motions. (Doc. 32.) His motion renews his request for counsel and his prior motion to compel.

1

A motion for reconsideration is governed by Local Rule 7.3, which requires a party to ask for leave to file the motion first. It also requires the party to show what is materially different from the last time the person sought that relief. L.R. 7.3(b), (c). Davis has not complied with this rule. He has misconstrued the Court's prior statement that Davis could renew his motion as suggesting that he merely needed to ask to do so. In fact, any renewed motion must be filed in compliance with the ordinary rules of court, with supporting briefs and argument to show why the circumstances have changed since the Court's prior denial. Davis has not met that bar here, and his motion for reconsideration will be denied, with the following exceptions.

First, he seeks counsel, in part, because he "does not have the means to subpoena evidence." Davis is proceeding in forma pauperis pursuant to 28 U.S.C. § 1915 in this matter.  28 U.S.C. § 1915(d) provides, "the officers of the court shall issue and serve all process, and perform all duties in such cases." Accordingly, the Court has the responsibility of having the subpoenas properly served upon the subpoenaed parties. *See Puett v. Blandford*, 912 F.2d 270, 275 (9th Cir. 1990); *Penton v. Pool*, 724 Fed.Appx. 546 (9th Cir. 2018). Should subpoenas be required, Davis will be directed to provide them to the Court for service.

Second, Davis seeks copies of some of the information that he previously filed with the Court. As described below, the Court will direct the Clerk of Court to provide certain documents to Davis.

## II.  MOTION FOR SUMMARY JUDGMENT

Davis has, for a second time, moved for summary judgment, despite stating himself that he has not received responses to his discovery. (Doc. 36.) As with his prior summary judgment motion, Davis's motion is not accompanied by a statement of undisputed facts, as required by L.R. 56.1. Davis's motion is not supported by any evidence in the form of documents, depositions, discovery responses, etc., that would provide the Court factual grounds upon which to grant his motion. The motion will be denied. Davis is directed not to file another motion for summary judgment unless or until he can comply with L.R. 56.1 and provide evidence to support his motion.

## III.  MOTION TO COMPEL

Davis filed a document captioned "Need Help," which the Court has construed as a motion to compel. (Doc. 37.) Davis states that he has sent Defendants interrogatories that have not been answered. In response, Defendants respond that discovery may not commence, pursuant to the Court's Scheduling Order, until the parties have filed their preliminary disclosures. (Doc. 38 at 2.) As such, Defendants claim Davis's requests are premature.

Defendants are partially correct. The Court's Scheduling Order directs the parties to file their disclosures by May 12, 2024. (Doc. 27.) "No party may serve written discovery requests…until they have filed their disclosure statement…" *Id.* at 5. However, Davis has just filed his disclosure. (Doc. 39.) His motion to compel will be denied, but he is free now to serve his interrogatories.

Based upon the foregoing, the Court issues the following:

**ORDER**

1. Davis's motion for reconsideration is DENIED, in part, and GRANTED, in part. (Doc. 32.) The Clerk of Court is directed to provide Davis with copies of Docs. 2, 11, 13 and 27.

3. Plaintiff's motion to compel is DENIED. (Doc. 37.)

4. Plaintiff's Motion for Summary Judgment is DENIED. (Doc. 36.)

8. At all times, Davis must update the Court and opposing counsel of any change of address. Failure to do so may result in dismissal.

DATED this 3rd day of May, 2024.

John Johnston
United States Magistrate Judge