IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF MONTANA
GREAT FALLS DIVISION

| | |
|---|---|
| ALEXANDRE DAVIS,<br><br>Plaintiff,<br><br>vs.<br><br>JESSE SLAUGHTER, et al.,<br><br>Defendants. | CV 24-3-GF-DWM<br><br><br><br>ORDER |

Plaintiff Alexandre Davis has filed several motions. (Docs. 59, 62, 63, 64, and 65.) The motions are denied.

## I. MOTION FOR PARTIAL SUMMARY JUDGMENT

Davis has, for a third time, moved for summary judgment, this time partial. (Doc. 59.) As with his prior two summary judgment motions, Davis's motion is not accompanied by a statement of undisputed facts, as required by L.R. 56.1. Davis's motion, again, is not supported by any evidence in the form of documents, depositions, discovery responses, etc., that would provide the Court factual grounds upon which to grant his motion. Further, Davis was previously directed not to file another motion for summary judgment unless or until he can comply with L.R. 56.1 and provide evidence to support his motion. (Doc. 42.) He has violated this clear and direct order by filing yet another unsupported motion. The

1

motion for summary judgment is denied. Davis is advised to read L.R. 56.1 so that he understands what is required by the Court when a litigant files a motion for summary judgment. Davis is not to file another summary judgment motion unless and until he can comply with L.R. 56.1. If he does so, the Court will consider sanctions.

## II. MOTION FOR ORDER

Davis has submitted a document to the Court that he claims has been falsified by Defendants. (Doc. 62 at 1.) The document appears to be a U.S. Marshals detention report that has been produced by Defendants in discovery. (Doc. 62-1, marked with CCDC Bates stamp.) Davis details several factual errors in the report. He asks the Court for an order to stop Defendants from providing "falsified records" in discovery. (Doc. 62 at 3.)

Davis's motion is denied. Discovery is not routinely filed, and thus, this document would not be in the case if Davis had not submitted it. If Defendants file a document with the Court in support of a motion or as an exhibit, and if Davis believes the document is "falsified," he may renew his motion then. As appears more likely in this instance, the Marshals' document contains errors. This document appears irrelevant to Davis's claims in his Complaint, and thus, so too are any errors included in it.

## III. MOTION FOR COURT INTERVENTION

Davis's motion for court intervention covers the same issue, this time regarding "forged" documents. (Doc. 63.) The documents at issue here are intake documents for Davis's arrival at Cascade County Detention Center, which Davis's contends contain errors. (Doc. 63-1.) Davis has also submitted other documents from discovery that appear both relevant and irrelevant to his claims.

The same analysis applies to this motion as the motion above, with the exception that some of these documents may eventually be introduced as evidence. At the moment, they are not before the Court. The motion is denied, subject to renewal should these documents be submitted to the Court by Defendants.

## IV. MOTION TO DENY FUTURE EVIDENCE AND MOTIONS

Davis has moved, in conjunction with his two prior motions, for the Court to disallow future evidence and motions by Defendants due to their conduct related to the alleged falsification of documents. (Doc. 64.) The motion is construed as a motion for sanctions, and it is denied.

Fed. R. Civ. P. 37 outlines the procedure for seeking sanctions related to discovery. Davis has not complied with an important aspect of the Rule, which requires communication between the parties prior to filing a motion. On that ground alone, the motion could be denied. Fed. R. Civ. P. 37(a)(1). But Davis's assertions go beyond claims regarding cooperation in discovery, to an allegation of

3

deceit. The documents are more likely error-ridden, and not falsified. But since they are not before the Court at the moment, Davis's motion to sanction is denied. Should the documents come before the Court, and Davis continues to believe they are forged or falsified, he may renew his motion.

### V. MOTION TO EXPUNGE CRIMINAL HISTORY

Davis's final motion related to these allegedly falsified documents seeks to have his criminal history "expunged due to falsified records in this civil case." (Doc. 65 at 1.) Davis claims that these erroneous records could expose him to prosecution for failure to register as a sex offender, because they mistakenly claim he is not a sex offender. (Doc. 65 at 2.)

The motion is denied. Davis has provided no legal authority for his request, and this Court does not have the jurisdiction to expunge his various state and federal convictions.

Accordingly, IT IS ORDERED that:

1. Davis's motions are DENIED. (Docs. 59, 62, 63, 64, and 65.)

2. At all times, Davis must update the Court and opposing counsel of any change of address. Failure to do so may result in dismissal.

DATED this 19th day of August, 2024.

Donald W. Molloy, District Judge
United States District Court