IN THE UNITED STATES DISTRICT COURT
OF THE NINTH DISTRICT
GREAT FALLS DIVISION

FEB 03 2025
Clerk, U.S. Courts
District of Montana
Billings Division

| ALEXANDRE ZDENEK DAVIS PLAINTIFF V. Jesse Slaughter, et. al. DEFENDANTS | CAUSE NO: CV24-03-GF-DWM RESPONSE TO MOTION DISMISS (Document 80) |
|---|---|

Now comes plaintiff in pro-se, to respond to the motion to dismiss on Document 80.

Defendants are trying to dismiss claims 1, 2, 3, 4, and 7. I will explain why they should not be dismissed.

MEMORANDUM IN SUPPORT

## ARGUMENT

## CLAIM ONE

### FAILURE TO PROTECT RESPONSE

Before we get into my response, I want the court to know that before I amended my complaint, I had proven that these defendants were indeed responsible for my rape at CCDC and we were supposed to have pre-Trial arranged for January of 2025 but I agreed with the defendant's legal team that it was indeed not a lower officer's fault for my rape but rather that it was a higher up supervisor's fault which makes it indeed the fault of Sheriff Slaughter, Undersheriff Van Dyken, Captain Darby, and Lieutenant Grubb.

Staff were not properly trained by these supervisors to conduct count properly or on placing inmates in the correct housing placement. This falls directly upon defendants Slaughter, Van-Dyken, Darby, and Grubb. Officers Knox and Fraser literally told me that Friese had violated PREA at CCDC numerous times before he raped me on 9 AUG and 10 AUG 2023. These 4 defendants have a policy that any inmate who violates PREA, is to be housed in solitary confinement housing. This is stated in the CCDC handbook signed by Slaughter. It was the responsibility of these 4 defendants to ensure Friese never had a cellmate again, instead I got raped by him.

These 4 defendants were also notified by me numerous times in electronic and paper kites/Inmate requests that I wanted to resolve this out of the court

without a lawsuit. Instead, they told me to go ahead and sue, verbally. You can see these requests in defendants' documentary evidence. Now, I took the liberty to sue only the supervisor's of CCDC per the verbal request of Jennifer Morgan, the opposition's counsel. IF they want me to sue the "right person", they should give me their patsy. But, seeing as that will never happen, I stick to suing these 4 defendants for their <u>INDIRECT PARTICIPATION</u> in my rape.

A defendant may be held liable "if the defendant[s] set in motion a series of events" that he or she knew or reasonably should have known would cause a constitutional violation, even <u>if</u> others actually performed the violation. <u>Conner v. Reinhard</u>, 847 F.2d 384, 397 (7th Cir. 1988); <u>Bruner v. Baker</u>, 506 F.3d 1021, 1026 (10th Cir. 2007); <u>Valdes v. Crosby</u>, 450 F.3d 1231, 1239-43 (11th Cir. 2006); <u>Greason v. Kemp</u>, 891 F.2d 829, 836 (11th Cir. 1990); and <u>Wulf v. City of Wichita</u>, 883 F.2d 842, 864 (10th Cir. 1989) Officials like Slaughter who set policy, write regulations, or give orders are liable even if not directly involved. <u>Brock v. Wright</u>, 315 F.3d 158, 165-66 (2d Cir. 2003); <s>Redman</s> v. County of San Diego, 942 F.2d 1435, 1446-49 (9th Cir. 1991)(sheriff who tolerated overcrowding and approved a dangerous classification policy could be held liable even though he did not know the specific danger to the plaintiff; captain who followed policy was liable too); <u>Boswell v. Sherburne County</u>, 849 F.2d 1117, 1123 (10th Cir. 1988)(sheriff and chief held liable); In fact, when prison employees act pursuant to orders, policy or regulation, the order giver or policy maker, in this case the 4 defendants of claim one, may be the only person to be held liable. see <u>Redman</u> above. Id.

These defendants can also be held liable for their <u>failure to Act</u>. Officers or supervisors can be held liable if they fail to intervene when a prisoner is or can be subjected to brutality by staff or assault by other inmates. Supervisors who know, or reasonably should know that an inmate will be victimized can be held liable if they do not do anything about it. They knew Friese was arrested for rape, they knew Friese was a danger to other inmates, they knew Friese sexually assaulted other inmates, and still kept him in general population where he raped me. See <u>Greason, Id.</u>

These supervisors also failed to have phones or emergencies set up for inmates in D unit in the case a rape took place. It took me filing this lawsuit and filing grievances for sexual assault hotlines to be placed in D unit at CCDC.

The failure to train or supervise subordinates establishes liability to the higher ups. <u>Taylor v. Michigan Dep't of corrections</u>, 69 F.3d 76, 81 (6th cir. 1995)(holding supervisor responsible for rape of an inmate); <u>Roland v. Johnson</u>, 856 F.2d 764, 767, 770 (6th cir. 1988) (holding sexual assaults at facility fell on supervisor's liability); and <u>Martin v. White</u>, 742 F.2d 469, 475-76 (8th cir. 1984)(similar to Roland).

In conclusion, Slaughter, Van Dyken, Darby, and Grubb, are the liable parties and they are responsible for my rape at CCDC. CLAIM ONE SHOULD NOT BE DISMISSED

## CLAIM TWO

## PREA VIOLATIONS RESPONSE.

It is true that I have not named anyone specifically but it should be ordered that measures be taken that CCDC is more compliant with PREA.

It took my rape just for officials to post hotlines for sexual assault in D unit of CCDC.

Inmates should also recieve mental health care at CCDC if raped.

Lastly, the showers situation could be modified to placing covers and curtains at shower stalls so inmates and staff do not partake in voyeurism at CCDC. Some units have shower cages installed.

In conclusion, Claim Two should not be dismissed because changes need to happen at CCDC.

## CLAIM THREE

## MONTANA'S DUTY OF CARE VIOLATION RESPONSE

Defendant's state they did not violate Montana's duty of care by allowing me to get raped at CCDC. I will prove that they did in fact violate by citing cases that the Honorable Judge DONALD W. MALLOY has cited in numerous failure to protect claims. Nelson v. Driscoli, 1999 MT·193, 983 P.2d 972, 977, 981, 295, Mont. 363 (Mont. 1999), "A duty arrises where a[n] officer takes affirmative steps that increase the risk of danger to an individual." Allowing inmate Friese to be in general population after already violating PREA and CCDC policies, was indeed the taking of "Affirmative steps that increase the risk" of danger to myself. I was raped because of them. Also cited by DONALD W. MALLOY, Whitfield v. Therriault Corp., 229 Mont. 115, 745 P.2d 1126, 1127 (Mont. 1987), "A claim of negligence must establish a legal duty, breach of that, and damages caused by the breach." I identified all of those in claim one's response.

On top of this, while I was a federal inmate, defendants had to also follow USCS §4042 which is the protection of federal inmates.

In conclusion, Claim Three should not be dismissed.

## CLAIM FOUR

## SHELTER AND OVERCROWDING RESPONSE

A prisoner must be provided with "shelter that does not cause his degeneration or threaten his mental and physical well being". Ramos v. Lamm, 639 F.2d 559, 568 (10th Cir. 1980). In my case, I was placed in a cell with an inmate named Joseph Friese who violated not only state law for raping a citizen, but while at CCDC, he violated the inmate handbook of sexual assault and the National (PREA) PRISON RAPE ELIMINATION ACT numerous times at CCDC before and I was housed with him. Then out of retaliation for filing a lawsuit, Van Dyken ordered Grubb and Darby to illegally confine me to a cell in booking with no bunk, no recreation time, no access to attorney phone calls, no general phone calls, and no showers except once a week, no psychology treatment, no communication with inmates, and instructed officers to ignore my grievances that my mental health and ARMY PTSD were triggered to extremely bad psychological levels. To support I cite Carver v. Knox County, Tenn., 753 F. Supp. 1370, 1386-87 (E.D. Tenn. 1989).

As for overcrowding, I did more than spend just "one night" on the floor. I spent numerous nights on the floor of a cell with inmate Friese who sexually assaulted me twice on 09AUG2023 and 10AUG2023. One important aspect of shelter is wether it is adequate to the number of people confined in it. Courts have found that crowding is unconstitutional when it is linked to violence or other safety hazards. Ruiz v. Estelle, 679 F.2d 1115, 1140-42 (5th Cir. 1982); Carty v. Farrelly, 957 F. Supp. 727, 735 (D.V.I. 1997); Albro v. County of Onondaga, 681 F. Supp. 991, 994-95 (N.D.N.Y. 1988). When overcrowding can be shown to have caused injury, for example from violence, damages may be awarded. Redman v. County of San Diego, 942 F.2d 1435 and Doe by and through Doe v. Washington County, 150 F.3d 920, 922-24 (8th Cir. 1998).

Therefore, my claims that overcrowding at CCDC are not only valid but are unconstitutional because rather than tell the United States Marshalls office that there is no need for another Federal inmate like myself due to no bed space at their facility, Slaughter, Van Dyken, Darby, and Grubb, put me in a dangerous cell already filled with a dangerous inmate, who by their handbook and policies, should have been placed in solitary segregation. The defendants willfully endangered my life due to their overcrowding, greed for more Federal money, and disregard to any inmate's safety at CCDC.

In conclusion, this was a constitutional violation under the Eighth Amendment and should NOT be dismissed.

CLAIM

## CLAIM SEVEN

## DENIAL OF MEDICAL/MENTAL HEALTH CARE RESPONSE.

It appears as though I was not specific on what constitutional right was violated, so I am responding with it as being a violation of the Eighth Amendment. Mental Health care is subject to the same constitutional standard as other forms of prison medical care: deliberate indifference to serious mental health needs violates the Eighth Amendment. Defendant Jacki Miller chose not to provide Mental Health services for my rape at CCDC from 08/10/2023 to January of 2024. When Miller did start Mental Health care, VanDyken forced Miller to stop providing mental health care to me because I filed this lawsuit. PREA states I was to recieve mental health following my rape. It took nearly 6 months to get it and in February of 2024, Van Dyken revoked it out of retaliation. This indeed is a constitutional violation and a claim that relief can be granted on.

In conclusion, this claim should not be denied.

### CONCLUSION.

For the foregoing reasons, the claims against defendants should not be denied or dismissed.

Dated this 28th Day of January, 2025

/s/

Alexandre Davis #36427-510 FCI Florence PO BOX 6000 Florence, CO. 81226.